THE STATE, THE WARREN RAILROAD COMPANY, PLAIN-
TIFFS IN ERROR, v. WILLIAM A. PERSON, COLLECTOR
OF BELVIDERE.

1. The sixth section of the act of 1846, (*Nix. Dig.* 152,) providing that
   every charter thereafter passed shall be subject to alteration, was, in
   legal effect, incorporated in the charter of the Warren railroad, passed
   since; and that the eighth section of the act of 1862, altering the rate
   of taxation, was neither bad faith or breach of contract.
2. The road is taxable in the town of Belvidere, they having an office
   there, and no other one appearing.
3. The town of Belvidere had the power to raise the military tax, under
   their resolution of the seventh August, 1865, by virtue of the act of
   March 4th, 1864, (*Pamph. Laws* 159) and the fifth section of the act of
   1862.

Error to the Supreme Court.   [*Vid. ante* 134.]

*J. G. Shipman*, attorney of plaintiffs.

*D. A. Depue*, attorney of defendant.

The opinion of the court was pronounced by

VREDENBURGH, J.   This *certiorari* is brought to set aside
a tax, assessed upon the prosecutors in the town of Belvidere,
for state, county, and township purposes, in the year 1865.

The first point made is, whether the prosecutors are legally
taxed in the town of Belvidere.   The act, (*Nix. Dig.* 851, §
7,)* provides that the personal estate of every incorporated
company liable to taxation, shall be assessed in the township
where the principal office shall be.   It appears by the case,
that the prosecutors had an office in the town of Belvidere,
and there is no evidence that they had any other office in this
state.   The one in Belvidere must, therefore, be deemed to be
their principal office, until another more important one is shown.

The next point made is, that the road is exempted by its

* *Rev., p.* 1153, § 66.

State, Warren Railroad Co., v. Person, Collector.

charter from taxation. The charter, (*Pamph. Laws of* 1851, § 15,) provides that as soon as the railroad shall be finished, and the net proceeds amount to seven per centum upon its cost, the corporation shall pay annually, to the treasurer of the state, a tax of one per centum on its cost; *provided,* that no other tax or other impost, shall be levied or assessed upon said company. The act of 1862, (*Pamph. Laws,* 1862, *page* 349,) provides, " that all private corporations of this state, except those which, by virtue of an irrepealable contract in their charter, are expressly exempted from taxation, shall be assessed and taxed on the full amount of their capital stock paid in, and accumulated surplus." The tax here has been so assessed. It is insisted that this is a breach of a contract contained in the charter. I think not, for the following reason :

The sixth section of the act of 1846, (*Nix. Dig.* 152,)* providing that every charter thereafter passed shall be subject to alteration, suspension and repeal, in the discretion of the legislature, was, in legal effect, incorporated in this charter at the time of its passage. It was, therefore, neither breach of contract or bad faith in the legislature to enact the said eighth section of the act of 1862. That section, by necessary implication, repeals or repealed the fifteenth section of the defendants' charter, and substitutes itself in its place. That such was the intention of the legislature is further manifested by the twenty-first section of said act of 1862, which provides that all other acts or parts of acts, whether special or local, or otherwise, inconsistent with the provisions of said act, be and the same were thereby repealed.

The next point made is, whether the town of Belvidere has the legal power to raise the part of the tax called, in this duplicate, military tax.

The act of 1862, section five, gives power to raise all public taxes whatever, for state, county and township purposes. It is admitted, by the case, that the military tax was assessed in pursuance of a resolution of the town, adopted on the 7th of August, 1865, to raise money to pay bonds, issued

* *Rev., p.* 178, § 6.

State, Warren Railroad Co., v. Person, Collector.

by the proper authorities of the town, to raise money to pay volunteers, under the act of the legislature, passed March 4th, 1864, (*Pamph. Laws* 159.)    This act, in express terms, gives power to raise said money by taxation, in the same manner as state and county taxes are assessed, levied, and collected in said town.

The tax, therefore, appears to be clothed in all the form of law, and must be affirmed.

*For affirmance*—BEASLEY, C. J., VREDENBURGH, DALRIMPLE, WOODHULL, FORT, WALES, CLEMENT, VAIL.    8.

*For reversal*—KENNEDY.    1.

Judgment affirmed.

CITED in *State* v. *Douglass, Receiver,* 5 *Vroom* 84; *State, Morris and Essex R. R. Co., pros.,* v. *Com'r of Railroad Taxation,* 8 *Vroom* 237.